USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/25/08

**BRYAN CAVE**

Jonathan Solish
Direct: (310) 576-2156
Fax: (310) 260-4156
jonathan.solish@bryancave.com

March 20, 2008

The Honorable Richard J. Sullivan
U.S.D.C. (S.D.N.Y.)
500 Pearl Street
New York, N.Y. 10007

*Century Pacific v. Hilton Hotels*
*03 CV 8258 (RJS)*

Dear Judge Sullivan:

  This letter responds to Century Pacific's March 14, 2008 letter requesting you to certify an interlocutory appeal.

  Century Pacific apparently only wants to participate in this litigation if it can be assured of a win. Thus, it is willing to finance an appeal in the hopes that its offensive claims will be "revitalized," but assumes that both parties would have "little incentive" to try the case if the summary judgment ruling is affirmed on appeal [p. 2, paragraph 2]. With no factual showing at all, it assumes that any judgment against it would be uncollectible and, therefore, not worthy of pursuit. It would be nice to have no downside in litigation, but Century Pacific's wish to litigate without risk is hardly grounds for an interlocutory appeal.

  For five years, the defendants have sustained the brunt of this law suit, as its executives were serially deposed and it produced reams of documents. More than fifty depositions have already been taken in this case. After all of this, Century Pacific was unable to muster evidence sufficient to support any of its claims on summary judgment. Now that all of Century Pacific's unsupported allegations have been cleared away, Hilton has a right to proceed to secure its judgment. If, as Century Pacific intimates, it is judgment-proof, all the more reason for prompt reduction of Hilton's claims to judgment. If Hilton had a judgment it would either be secured by an appeal bond or would be free to execute. The fact that a judgment would be inconvenient to Century Pacific is hardly grounds for an interlocutory appeal.

Bryan Cave LLP [sidebar office addresses, illegible]

Hon. Richard J. Sullivan
March 20, 2008
Page 2

Bryan Cave LLP

  Century Pacific cites a single unreported case, *ABN Amro Verzekeringen BV v. Geologistics Americas, Inc.*, 2003 WL 21543529 (S.D.N.Y.), for the proposition that an interlocutory appeal is proper to avoid the prospect of two trials. In that case, judgment without appeal would have been capped at a maximum award of $50, making it hardly worth the effort to try the case. Because the case concerned an unsettled aspect of the Warsaw Convention about which reasonable minds could disagree, the district court certified the case for interlocutory appeal. Perhaps more tellingly, the Second Circuit then declined to accept the interlocutory appeal. *ABN Amro Verzekeringen BV v. Geologistics Americas, Inc.*, 485 F.3d 85, 92 (2d Cir. 2007). Thus, in the one case cited by Century Pacific, the district court's attempt to "speed the ultimate resolution of the litigation" actually delayed resolution from 2003, when the matter was certified for interlocutory appeal, until 2007 when the Second Circuit addressed the merits on appeal from judgment.

  In *Arons v. Lalime*, 3 F. Supp. 2d 328, 329 (W.D.N.Y. 1998), after the court granted summary judgment in part, the defendant sought an interlocutory appeal. In denying the request, the court noted that "'where, as here, the controlling issues are questions of fact, or, more precisely, questions as to whether genuine issues of material fact remain to be tried, the federal scheme does not provide for an immediate appeal solely on the ground that such an appeal may advance the proceedings in the district court.'" *Id.* at 330, quoting *Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 631 (2d Cir. 1991).

  Similarly, in *Estevez-Yalcin v. The Children's Village*, 2006 WL 3420833, *1 (S.D.N.Y. Nov. 27, 2006), the court refused to allow an interloctuory appeal of a summary judgment ruling because it would "prolong, not terminate this action. This Court's Order granted summary judgment as to all of Plaintiff's claims against Defendant, and all that remains for Plaintiffs to obtain a final judgment is to conduct an inquest on damages . . . something that can be done before any appeal. Granting Plaintiff's certification for an immediate appeal would not 'avoid protracted litigation' . . . but would facilitate it." *Id.*, *5, quoting *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 866 (2nd Cir. 1996).

  An interlocutory appeal is not the answer here. Hilton's right to obtain and enforce on a judgment would be unduly prejudiced, in circumstances where Century Pacific has already stated that it would walk away from the case if it lost on appeal. Bypassing a judgment to go directly to an appeal would unfairly deprive Hilton of its day in court, five years into this dispute.

  If Century Pacific wants to accelerate the appeal, it need only stipulate to judgment. If the amount of the judgment is not really an issue here [paragraph 2, page 2], it would be easy enough to fix the amount of damages by agreement. Further, if Century Pacific is judgment proof, as it claims, it should not be overly concerned about the exact amount of an

673334.1

Hon. Richard J. Sullivan  
March 20, 2008  
Page 3

Bryan Cave LLP

uncollectible adverse judgment. The defendants are willing to agree that the stipulated judgment would not be prejudicial to the appeal, as long as no action is taken during the pendency of the appeal that undermines their ultimate ability to collect on the judgment. There has already been some discussion between the parties as to a stipulation whereby Century Pacific would post a sum of money as an appeal bond. In response, Hilton has inquired into the proceeds of Century Pacific's sale of its hotel property to determine whether the amount offered is appropriate. The instant letter comes due before there has been any response to Hilton's request.

The ideal solution here would be a stipulated judgment, perhaps with an agreed upon bond for less than what would otherwise be required to stay enforcement, along with a stipulation establishing that entry of judgment would not prejudice Century Pacific's rights on appeal. The parties are in the process of trying to work out terms that would accomplish this. Counsel for Hilton will be away from the office until April 1. If the parties could have a week from then to reach a stipulation as to terms, this would be the most efficient way to move this case along. If the parties cannot agree to terms, Hilton submits that it is entitled to a short trial and reduction of its claims to judgment before appeal.

Respectfully submitted,

Jonathan Solish

cc: Courtland Reichman  
    Dwight J. Davis  
    Amos Alter

*Handwritten order:* The parties may continue their discussions regarding a possible stipulated judgment (and related matters). The parties shall submit a status letter to the Court by April 9, 2008, apprising the Court of any developments in this regard.

SO ORDERED  
Dated: 3/25/08  
RICHARD J. SULLIVAN, U.S.D.J.

673334.1