UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CENTURY PACIFIC, INC., <br> BECKER ENTERPRISES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> HILTON HOTELS CORPORATION, <br> DOUBLETREE CORPORATION, RED <br> LIONS HOTELS, INC. <br><br> Defendants. | CASE NO. 03 Civ. 8258 (RJS) <br><br> Honorable Richard J. Sullivan <br><br> **HILTON HOTELS CORPORATION AND RED LION HOTELS, INC.'S OPPOSITION TO CENTURY PACIFIC, INC.'S MOTION IN LIMINE TO EXCLUDE INFORMATION** |
| HILTON HOTELS CORPORATION, RED LION HOTELS, INC., <br><br> Counterclaimants, <br><br> v. <br><br> CENTURY PACIFIC, INC., BECKER ENTERPRISES, INC., <br><br> Counter-defendants. | |

675066.1

1. **Prefatory Statement**

Although no trial date is pending, Century Pacific ("Century") alleges that it has suffered severe prejudice, because it has lost the right to conduct discovery on Defendants' witnesses and evidence in support of their Counterclaim. (Motion, p. 9). Century claims that it was ambushed with new evidence on the eve of trial and that it has lost the opportunity to defend itself. (*Id.*). Specifically, Century claims that Hilton Hotels Corporation ("Hilton") and Red Lion Hotels, Inc. ("Red Lion") failed to: (1) identify five witnesses who are expected to testify; (2) produce two exhibits (Exhibits 13 and 15) in discovery; and (3) failed to provide a damages calculation. The true facts are not nearly so dramatic, and do not support the relief requested by Century.

This case was filed by Century in October of 2003. Century's complaint alleged fraud and related causes of action against Hilton and Red Lion. Century was requesting in excess of eight million dollars ($8,000,000) in damages, not including punitive damages. Extensive discovery was conducted on Century's claims, including approximately thirty depositions, hundreds of written interrogatories and document requests, third party subpoenas and tens to hundreds of thousands of pages of produced documents. In October of 2007, this Court granted summary judgment in favor of Hilton and Red Lion on all issues raised by Century's complaint.

In contrast, Hilton and Red Lion's counterclaim contains a single cause of action for breach of contract arising out of Century's failure to pay various fees required by the franchise agreement. The counterclaim sets forth the exact amount of money that Century owes to Hilton and Red Lion. Further, invoices that had been sent to Century at the time of its initial non-payment, and which were produced during discovery in this case, detail the exact amounts owed by Century. Significantly, in its answer to the counterclaim, Century did not deny that it had failed to pay Hilton and Red Lion the amounts claimed, but rather alleged that it was not

obligated to pay because it was defrauded as set forth in its now dismissed complaint. During discovery, with the exception of one request for production category, Century did not conduct any discovery regarding the counterclaim. Despite deposing numerous Hilton and Red Lion employees, Century did not ask a single question of these witnesses, or others, about the facts or damages set forth in the counterclaim. Century did not send any interrogatories or other forms of written discovery regarding the facts or damages set forth in the counterclaim. As such, Century cannot credibly argue that it suffered prejudice or that it would have conducted different discovery if Hilton or Red Lion had disclosed additional witnesses.

With regard to Century's specific allegations, while it is true that Hilton and Red Lion have listed five witnesses who were not set forth in their January 2004 Initial Disclosures, there is no showing by Century that Hilton and Red Lion knew about these witnesses at the time of those disclosures or prior to the November 2004 discovery cutoff. Among other things, Hilton and Red Lion will be able to show that the additional witnesses were added to Hilton and Red Lion's pre-trial disclosures, in part, because several of the witnesses listed in the initial disclosures are no longer employed by Hilton or Red Lion.

With regard to the exhibits, Century's claim that Exhibit 13 was never produced is not accurate. The invoices which comprise Exhibit 13 were produced by WestCoast Hospitality Corporation (parent to Red Lion) in response to a subpoena issued by Century. Century is correct that Exhibit 15 was not previously produced, however, it cannot allege any prejudice from such failure.

Finally, with regard to damages, as discussed above, the counterclaim set forth the exact amount of damages being requested. The calculation of such damages was set forth in invoices produced during discovery and in the franchise agreement which specifies the formula for

calculating monthly royalties and liquidated damages. Century has always had this information in its possession, which perhaps explains why it did not conduct any discovery regarding the damages requested in the counterclaim.

Finally, if the Court finds that Century has the right to further discovery, because no trial date has been set and any discovery would be very limited, the Court can permit additional depositions or written discovery regarding the counterclaim, without prejudicing any party.

**2.  Statement of Facts**

    **a.  The Counterclaim Set Forth Hilton and Red Lion's Claimed Damages**

Century's complaint against Hilton and Red Lion was filed on October 17, 2003. Pursuant to Federal Rules of Civil Procedure, Rule 26(a), Hilton and Red Lion provided Century with their initial disclosures on January 19, 2004. [Ex. A to Motion.] These initial disclosures did not provide a damages calculation, as Red Lion and Hilton had not yet filed their counterclaim. [Affirmation of Glenn Plattner ("Plattner Aff."), ¶ 2.] Four months later, on May 20, 2004, Hilton and Red Lion filed their counterclaim against Century.

The counterclaim did not state that Hilton and Red Lion suffered damages in an amount subject to proof at trial, rather, the counterclaim explicitly set forth Hilton and Red Lion's claimed damages. Specifically, the first count of Hilton and Red Lion's counterclaim alleged "between July 2001 through December 31, 2001," Century failed to pay to Red Lion "approximately $36,000 in fees required by the franchise agreement . . . ." [Counterclaim, ¶ 11].[1] The counterclaim further alleged that between "January 2002 through October 2003," Century failed to pay to Red Lion "approximately $195,000 in fees required by the franchise

---

[1] The exact amount, which was set forth in invoices provided to Century and produced in this case, is $36,629.26.

4

agreement . . . ." [*Id.* at ¶ 12].[2] Finally, the counterclaim alleged that on "October 15, 2003, Century Pacific unilaterally terminated the franchise agreement without cause, prior to the expiration of the ten year term," and as a result, Century was "required to pay liquidated damages to Red Lion in the approximate amount of $488,000." [*Id.* at ¶ 13].[3]

### b. Century Admitted It Failed to Pay Amounts Claimed by Hilton and Red Lion

In its June 2004 reply to the counterclaim, Century admitted that "between approximately July 2001 through December 2001, Century Pacific did not pay certain fees allegedly required to be paid under the franchise agreement" but denied that "Century Pacific breached the franchise agreement as a result of failing to pay such fees." [Reply, ¶ 11]. Century further admitted that "between approximately January 2002 through October 2003, Century Pacific did not pay certain fees allegedly required to be paid under the franchise agreement" but denied that "Century Pacific breached the franchise agreement as a result of failing to pay such fees." [*Id.* at ¶ 12]. Finally, Century admitted that it "terminated its franchise agreement with Red Lion . . . on or about October 15, 2003 . . . ." [*Id.* at ¶ 13].

Century's reply admitted that it had failed to pay the franchise fees and liquidated damages claimed by Hilton and Red Lion, but denied that these failures constituted a breach of the franchise agreement. This Court has already granted summary judgment in favor of Red Lion and Hilton on Century's claims against them, thereby negating whatever excuse Century allegedly had for failing to pay the fees claimed by Hilton and Red Lion.

### c. The Discovery Conducted in this Matter

---

[2] The exact amount, which was set forth in invoices provided to Century and produced in this case, is $195,679.81.
[3] The exact amount is $488,521.55. The formula for making this calculation is contained on the face of the franchise agreement between the parties and is based on Century's revenues which were in Century's possession.

5

Fact discovery in this case closed on November 15, 2004. During discovery, Century took numerous depositions of Hilton and Red Lion's witnesses, but failed to ask a single question about the counterclaim. In addition, with the exception of one request for documents, asking for all documents relating to the counterclaim, Century did not serve any other discovery about the facts or damages alleged in the counterclaim. [Plattner Aff., ¶¶ 4-5].

Copies of all invoices setting forth the $36,000 and $195,000 amounts owed by Century have been produced during discovery. In fact, many of these invoices were also produced by Century during its response to Hilton and Red Lion's discovery, thereby further contradicting the argument by Century that it has been prejudiced. With regard to the $488,000 requested by Hilton and Red Lion for liquidated damages, pursuant to Section 14 (c) of the franchise agreement, such damages are a mere multiple of the fees owed by Century during the prior twenty-four months. This information has always been in the possession of Century as well. [Plattner Aff., ¶¶ 5-6].

As discussed above, Century has admitted that it failed to pay the fees claimed by Hilton and Red Lion. This may explain why, in all of the depositions, Century never asked a single question about the counterclaim and why Century sent a single document request with no follow up regarding Hilton and Red Lion's counterclaim. At the very least, it is disingenuous for Century to claim now that it has been "deprived" of "its discovery rights" and has been left without "a meaningful opportunity to defend itself at trial." [Motion, pg. 8].

d.  **Hilton and Red Lion's Initial Witness Disclosures**

Hilton and Red Lion's initial disclosures listed 13 individuals. The initial disclosures were provided on January 19, 2004, before Hilton and Red Lion filed their counterclaim against Century. Similarly, Hilton and Red Lion's responses to the first set of interrogatories, which

6

675066.1

asked for its trial witnesses, were served in April of 2004, more than a month before the counterclaim was filed. [Motion, Exhs. B and C]. Century did not send any further interrogatories regarding the counterclaim after it was filed. Fact discovery in this case closed on November 15, 2004.

Century has made no showing that Hilton or Red Lion's initial disclosures were inaccurate at the time made or that Hilton or Red Lion were aware of the additional five potential witnesses at any point prior to the discovery cutoff.

Additionally, Hilton and Red Lion will be able to show that two factors, which were unknown in January of 2004, caused the change in witnesses. First, many of the witnesses listed in the initial disclosures are no longer employed by Hilton or Red Lion.[4] It is inevitable that some of the personnel at a company will change when that company is acquired, especially given that this case has been pending for almost five years.

Second, when the Court granted Hilton/Red Lion's motion for summary judgment, thereby eliminating Century's entire case and most of its defenses, Hilton and Red Lion were able to replace witnesses who had first-hand knowledge regarding the sale of Red Lion to WestCoast (which was the main subject of the complaint) with other witnesses without such knowledge. The testimony of these new witnesses is not expected to be contested in any material respect. For example, the anticipated testimony of David Kerekes from Hilton and Tony Drombrowik from Red Lion (two of the witnesses not listed in the initial disclosures) is expected to be limited to authenticating invoices and stating that the amounts on the invoices were unpaid. As discussed above, it does not appear that Century contests these facts. Craig

---

[4] Specifically, Art Coffey from Red Lion who was expected to be a key witness regarding issues raised in the counterclaim retired from Red Lion in February of 2008. Additionally, after Hilton was acquired by the Blackstone Group LP on October 24, 2007 many key executives who were listed as witnesses have either left the company or are in the process of leaving.

Mance will testify regarding liquidated damages, which is also not expected to be a contentious issue. John Taffen and Barry Hughes were designated to testify regarding the services provided to Century by Red Lion, a role that was previously going to be filled by Art Coffey who is no longer employed by Red Lion. [Plattner Aff., ¶ 3]. Such testimony is probably not needed, in any event, because the Court has already ruled that Red Lion did not breach the contract by providing inadequate services.

e. **Exhibits 13 and 15**

Century asserts that Hilton and Red Lion failed to produce two exhibits listed on the pre-trial order during the course of discovery. Contrary to this claim, Exhibit 13 was produced to the defendants during the ordinary course of discovery. [*See* Ex. A to Plattner Aff.] Although Exhibit 15 was not produced during discovery, as discussed below, Century will not be prejudiced by allowing the use of Exhibit 15, thus, exclusion would be improper.

3. **Legal Argument**

a. **Hilton and Red Lion Complied with FRCP Rule 26(a) and Rule 26(e)**

Federal Rules of Civil Procedure, Rule 26(a) provides that a party must make certain initial disclosures to the other side, including: (1) the name and contact information of each individual likely to have discoverable information that support its claims or defenses; (2) all documents that the disclosing party may use to support its claims or defenses; and (3) a computation of any category of damages claimed by the disclosing party. Federal Rules of Civil Procedure, Rule 26(e) provides that a party who has made a disclosure under Rule 26(a) must supplement or correct its disclosure or response "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, **and if the additional or corrective information has not otherwise been made known to the other parties during**

8

**the discovery process or in writing . . . ."** (Emphasis added).

      i.   **Century Knew What Damages Hilton and Red Lion Were Claiming**

As discussed earlier, Hilton and Red Lion timely disclosed all required information on January 19, 2004 pursuant to FRCP 26 (a). Because Hilton and Red Lion had not yet filed their counterclaim, there was no requirement that they file a computation of damages.

Hilton and Red Lion's counterclaim, filed on May 24, 2004, explicitly set forth Hilton and Red Lion's claimed damages against Century. Further, all damages claimed by Hilton and Red Lion were calculated based on: (1) invoices that were provided to Century during the course of discovery; and (2) Century's own financial statements, which Century itself provided during discovery. Further, Century's reply to the counterclaim admitted that they failed to pay the franchise fees as set forth in the counterclaim. [Counterclaim, ¶¶ 11-13]. Rule 26(e) explicitly provides that a party only has a duty to supplement or correct its initial disclosures "if the additional or corrective information has not otherwise been made known to the other parties during the discovery process . . . ."

      ii.   **Hilton and Red Lion Properly Identified Their Witnesses**

Century alleges that Hilton and Red Lion failed to previously disclose the identity of 5 witnesses listed on the Joint Pre-Trial Order either in its initial disclosures or in response to Century's interrogatories. [Motion, pg. 4]. As discussed in section 2(d) above, Hilton and Red Lion's initial disclosure and interrogatory answers were prepared before the counterclaim had been filed. Moreover, there has been no showing that Hilton or Red Lion's initial disclosures were inaccurate at the time made or that Hilton or Red Lion were aware of the additional five potential witnesses at any point prior to the discovery cutoff.

### iii. Exhibit 13 Was Produced To Century

Contrary to Century's allegations, Exhibit 13 was produced during the course of discovery, thus, Exhibit 13 should not be excluded. [Ex. A to Plattner Aff.] Although Exhibit 15 was not produced to Century during discovery, this omission was harmless, as a trial date has not yet been set in this matter. As discussed below, assuming the Court allows Century to conduct further depositions in this matter, Century will have the opportunity to examine witnesses and ask questions regarding Exhibit 15.

### b. Century Has Not Been Prejudiced

Federal Rules of Civil Procedure, Rule 37(a) provides that a party may not be sanctioned as a result of their failure to make mandatory disclosures if there is "substantial justification" for the failure to disclose or the party's failure is "harmless." "'Failure to comply with the mandate of the Rule is harmless when there is no prejudice to the party entitled to the disclosure.'" *American Stock Exchange, LLC v. Mopex, Inc.*, 215 F.R.D. 87, 93 (S.D.N.Y. 2002). "Imposition of sanctions under Rule 37 is a drastic remedy and should only be applied in those rare cases where a party's conduct represents flagrant bad faith and callous disregard of the Federal Rules of Civil Procedure." *Hinton v. Patnaude*, 162 F.R.D. 435, 439 (N.D.N.Y. 1995). "[E]xclusion under Rule 37 of the Federal Rules of Civil Procedure-is a somewhat harsh remedy, because of its obvious effect of depriving the court and finder of fact of otherwise potentially relevant information to be used in deciding the issues in the case." *Cargill, Inc. v. Sears Petroleum & Transport Corp.*, 334 F.Supp.2d 197, 247 (N.D.N.Y. 2004). "Because of the preference to have issues and claims decided on their merits, rather than on the basis of a procedural shortcoming, the exclusion of otherwise relevant evidence on technical grounds is generally not favored, absent compelling circumstances." *Id.*

675066.1

"In determining whether a district court has exceeded its discretion, we consider the following factors: (1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Softel, Inc. v. Dragon Medical and Scientific Communications, Inc.*, 118 F.3d 955, 961 (2d Cir. 1997).

Here, each of these four factors favors Hilton and Red Lion's position.

**(i)   Hilton/Red Lion's Explanation:**

Hilton and Red Lion have justified their conduct for the reasons set forth above. Specifically, a formal statement of damages was not provided, because the exact amount of damages were set forth in the text of the counterclaim and the damages were based on documents and information within Century' possession. *See Tuttle v. Tyco Electronics Installation Services, Inc.*, 2008 WL 343178, 4 (S.D. Ohio 2008) (finding that the plaintiff's failure to set forth the actual calculations for his damages was harmless, since the Defendants actually provided most of the information on which the damages were based). Moreover, Hilton and Red Lion listed the witnesses who at the time they anticipated would testify.

**(ii)   Importance of Testimony**

If Century attempts to change the position that it took in its reply to the counterclaim and contests the fact that it did not pay the amounts owed, then Hilton and Red Lion will need the listed witnesses to rebut this new contention. If Century continues to admit that it did not pay the amounts on the invoices, then the testimony of these witnesses will be of lesser importance.

**(iii)   Prejudice to Century**

Although approximately thirty depositions have been taken in this matter and numerous

discovery requests have been exchanged, with the exception of one document request, Century did not ask a single question regarding Hilton and Red Lion's counterclaim. Century has known the amount that Hilton and Red Lion are claiming as damages since May 2004 when the counterclaim was filed. Century has had ample opportunity to probe Hilton and Red Lion's claim for damages but made a conscious decision not to do so.

Based on the fact that Century did not conduct any discovery (with the one exception) regarding the counterclaim, it cannot credibly claim that it would have conducted such discovery if the additional witnesses were listed, if exhibit 15 had been produced earlier or if a statement of damages was provided. As such, Century cannot argue that it was prejudiced by the failure to provide this information.

In any event, any prejudice to Century can be easily remedied. Specifically, a court may allow a party to take the depositions of previously undisclosed witnesses and pursue discovery related to exhibits that are untimely disclosed rather than precluding such evidence. *See Slane & Slane Designs, LLC v. Narragansett Jewelry Co., Inc.*, 2004 WL 2187131 (S.D.N.Y. 2004). Hilton and Red Lion have no objection to such limited discovery, if Century truly believes it is necessary.

    (iv)    **Possibility of Continuance**

This final factor favors Hilton and Red Lion as well. Here, the Court has not set a trial date, so the additional discovery (which at most would consist of a few depositions) could be completed without the need for a continuance.

**4.    Conclusion**

For the past 4 years, Century has focused all of its efforts in this litigation on its unsupported allegations against Hilton and Red Lion, with the end result being that Century

failed to probe the allegations of Hilton and Red Lion's counterclaim against it. Be that as it may, Hilton and Red Lion have properly complied with the disclosure requirements under the Federal Rules of Civil Procedure, Rule 26(a). First, Century has been aware of the damages claimed by Hilton and Red Lion since May of 2004, when Hilton and Red Lion filed their counterclaim. Second, Hilton and Red Lion properly disclosed their potential witnesses, adding new witnesses only after the recent departure of several key executives at Hilton and Red Lion. Third, Century was in fact provided with Exhibit 13 during the ordinary course of discovery and would not be prejudiced by allowing the use of Exhibit 15 as trial has not yet been set in this matter.

In any event, exclusion of this evidence would be improper, as Century has not been harmed by the alleged non-disclosures and any alleged prejudice could be easily remedied by allowing Century to take a few additional depositions.

Respectfully submitted,
TROUTMAN SANDERS LLP

Lee W. Stremba
The Chrysler Building
405 Lexington Avenue
New York, New York 10174

and

BRYAN CAVE LLP
Jonathan Solish
Glenn J. Plattner
120 Broadway Suite 300
Santa Monica, California 90401

Attorneys for Cross-Complainants
HILTON HOTELS CORPORATION and
RED LION HOTELS, INC.

675066.1

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date I served the foregoing HILTON HOTELS CORPORATION AND RED LION HOTELS, INC.'S OPPOSITION TO CENTURY PACIFIC, INC.'S MOTION IN LIMINE TO EXCLUDE INFORMATION on all parties, by causing true and correct copies thereof to be e-mailed to, and deposited in the U.S.Mail, postage prepaid, to:

>Dwight J. Davis
>KING & SPALDING LLP
>1185 Avenue of the Americas
>New York, New York 10036
>**ddavis@kslaw.com**
>
>Courtland L. Reichman
>Natasha H. Moffit
>KING & SPALDING LLP
>1180 Peachtree Street
>Atlanta, Georgia 30309
>**creichman@kslaw.com**
>**nmoffitt@kslaw.com**

Dated: April 7, 2008

_____
Lee W. Stremba

675066.1