UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CENTURY PACIFIC, INC., *et al.*,

                          Plaintiffs,

    -v-                                        No. 03 Civ. 8258 (RJS)
                                                MEMORANDUM AND ORDER DENYING
HILTON HOTELS CORP., *et al.*,               CERTIFICATE OF APPEALABILITY

                          Defendants.

RICHARD J. SULLIVAN, District Judge:

       By Opinion & Order dated October 16, 2007 (the "Order"), the Honorable Kenneth M. Karas, District Judge, granted defendants' motion for summary judgment, leaving only defendants' counterclaims to be tried. The case was thereafter reassigned to the undersigned. By letter motion dated February 14, 2008, plaintiffs requested leave to file a motion for certification of an immediate appeal of that decision pursuant to 28 U.S.C. § 1292(b). Defendants responded in a letter dated February 20, 2008. The Court held a conference on March 7, 2008, at which both parties discussed the potential motion as well as the schedule for the pre-trial order. By letter dated April 21, 2008, plaintiffs renewed their request to file the motion.

       The Court hereby construes plaintiffs' April 21 request as a motion for certification of interlocutory appeal. For the following reasons, plaintiffs' motion is denied. The Court assumes that the parties are familiar with the underlying facts and the case's procedural history, and repeats only those facts necessary to decide this motion.

I. DISCUSSION

A.   Legal Standard

Litigants are generally required to wait for a final judgment to appeal. *See Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 25 (2d Cir. 1990). However, a district court may certify an immediate appeal of an interlocutory order if the court finds that the "order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). However, "[d]istrict court judges have broad discretion to deny certification even where the statutory criteria are met." *SPL Shipping Ltd. v. Gujarat Cheminex Ltd.*, No. 06-CV-15375 (KMK), 2007 WL 1119753, at *1 (S.D.N.Y. Apr. 12, 2007) (quoting *Nat'l Asbestos Workers Med. Fund v. Philip Morris, Inc.*, 71 F. Supp. 2d 139, 166 (E.D.N.Y. 1999) (stating that the authority to deny certification, even where the three statutory criteria are met, is "independent" and "unreviewable")) (additional citation omitted). The Second Circuit has held that "Congress passed 28 U.S.C. § 1292(b) primarily to ensure that the courts of appeals would be able to 'rule on . . . ephemeral question[s] of law that m[ight] disappear in the light of a complete and final record,'" and that "Congress also sought to assure the prompt resolution of knotty legal problems." *Weber v. United States Tr.*, 484 F.3d 154, 159 (2d Cir. 2007) (quoting *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 864 (2d Cir. 1996)) (additional citations omitted). Therefore, interlocutory appeal is "'a rare exception' where, in the discretion of the district judge, it 'may avoid protracted litigation.'" *In re World Trade Ctr. Disaster Site Litig.*, 469 F. Supp. 2d 134, 144 (S.D.N.Y. 2007) (quoting *Koehler*, 101 F.3d at 865-66 (2d Cir. 1996)).

B.     Timeliness

Under 28 U.S.C. § 1292(b), a party may appeal an order which has been certified for interlocutory review within ten days after the entry of the order. However, neither § 1292(b) nor Federal Rule of Civil Procedure 5(a), which governs petitions for permission to appeal, specify a time in which a party must move for the order itself to be certified for interlocutory appeal. Accordingly, "courts have held that any delay in seeking amendment and certification 'must be reasonable.'" *Morris v. Flaig*, 511 F. Supp. 2d 282, 314 (E.D.N.Y. 2007) (quoting *Green v. City of New York*, No. 05-CV-0429 (DLI) (ETB), 2006 WL 3335051, at *2 (E.D.N.Y. Oct. 23, 2006)).

In this case, plaintiffs seek to appeal a summary judgment order issued almost four months prior to their initial request to file a motion for interlocutory appeal. The Court finds that such a delay weighs against plaintiffs' request. *See, e.g.*, *Green*, 2006 WL 3335051, at *2 (finding defendants' request for certification untimely following two-month delay); *Ferraro v. Sec'y*, 780 F. Supp. 978, 979 (E.D.N.Y. 1992) (holding that "there was no justification for plaintiff's delay in requesting certification" and "[m]oreover, plaintiff's two and a half month delay is an indication that the saving of time is of little concern in this case"). In drawing this conclusion, the Court notes that the Seventh Circuit has held that a district court abused its discretion by granting § 1292(b) certification where the party seeking to appeal waited three months before making the request without providing a sufficient explanation for the delay. *See Weir v. Propst*, 915 F.2d 283, 287 (7th Cir. 1990) (holding that "[t]he ten day limitation in section 1292(b) is not to be nullified by promiscuous grants of motions to amend").

C.     Mixed Question of Law and Fact

The Court also finds that granting certification pursuant to § 1292(b) would require the Court

of Appeals to consider mixed questions of law and fact. The "question of law" certified for interlocutory appeal "must refer to a 'pure' question of law that the reviewing court 'could decide quickly and cleanly without having to study the record.'" *In re Worldcom, Inc.*, No. M-47 HB, 2003 WL 21498904, at *10 (S.D.N.Y. June 30, 2003) (quoting *Ahrenholz v. Bd. of Tr.*, 219 F.3d 674, 676-77 (7th Cir. 2000)); *see S.E.C. v. First Jersey Sec., Inc.*, 587 F. Supp. 535, 536 (S.D.N.Y. 1984) (holding that, where an appeal "would necessarily present a mixed question of law and fact, not a controlling issue of pure law," the district court's order was "not appropriate for certification pursuant to 28 U.S.C. § 1292(b)"); *Abortion Rights Mobilization, Inc. v. Regan*, 552 F. Supp. 364, 366 (S.D.N.Y. 1982) ("Nor is [§ 1292(b) certification] appropriate for securing early resolution of disputes concerning whether the trial court properly applied the law to the facts.") (citing *Link v. Mercedes-Benz of N. Am., Inc.*, 550 F.2d 860, 863 (3d Cir. 1977)). By contrast, a summary judgment ruling is "essentially a fact-based inquiry, making an interlocutory appeal inappropriate." *Arons v. Lalime*, 3 F. Supp. 2d 328, 330 (W.D.N.Y. 1998).

In the instant case, the questions presented for interlocutory appeal by plaintiffs would require the Second Circuit to review this Court's application of the law to the evidence adduced in the summary judgment motion. Under these circumstances, such questions do not present issues of pure law and therefore are not appropriate for interlocutory review. *See, e.g.*, *Morris*, 511 F. Supp. 2d at 315.

D.  Controlling Question of Law

A question of law is "controlling" if "reversal of the district court's order would terminate the action." *SPL Shipping Ltd.*, 2007 WL 1119753, at *2 (quoting *Klinghoffer*, 921 F.2d at 24); *see also S.E.C. v. Credit Bancorp, Ltd.*, 103 F. Supp. 2d 223, 227 (S.D.N.Y. 2000) ("In determining

whether a controlling question of law exists the district court should consider whether: reversal of the district court's opinion could result in dismissal of the action; reversal of the district court's opinion, even though not resulting in dismissal, could significantly affect the conduct of the action, or; the certified issue has precedential value for a large number of cases.") (citing *Klinghoffer*, 921 F.2d at 24-25, and *In re Oxford Health Plans, Inc.*, 182 F.R.D. 51, 54-55 (S.D.N.Y. 1998)).

In the instant case, while reversal of the Order would certainly affect this action, it would not terminate the action. The Second Circuit has repeatedly cautioned that the "use of this certification procedure should be strictly limited because 'only exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" *Flor v. BOT Fin. Corp. (In re Flor)*, 79 F.3d 281, 284 (2d Cir. 1996) (quoting *Klinghoffer*, 921 F.2d at 25 (2d Cir. 1990) (additional internal quotation omitted)); *see Westwood Pharm., Inc. v. Nat'l Fuel Gas Distrib. Corp.*, 964 F.2d 85, 89 (2d Cir. 1992) (finding that district courts must use "great care" in making a § 1292(b) certification). While reversal of the Order may very well simplify this action or alter its course, that result would be no different from any case where a court granted summary judgment on a set of claims and denied summary judgment with respect to the counterclaims.

Accordingly, the Court finds that the underlying questions at issue in Judge Karas's order are not "controlling" for purposes of § 1292(b).

E.    Substantial Ground for Difference of Opinion

"For there to be a 'substantial ground for difference of opinion' under the law, 28 U.S.C. § 1292(b), 'there must be 'substantial doubt' that the district court's order was correct." *SPL Shipping Ltd.*, 2007 WL 1119753, at *2 (quoting *N.F.L. Ins. v. B&B Holdings*, No. 91 Civ. 8580,

5

1993 WL 255101 (PKL), at *2 (S.D.N.Y. July 1, 1993) (in turn quoting S. Rep. No. 85-2434, at 3 (1958), reprinted in 1958 U.S.C.C.A.N. 5255, 5257)).

Here, plaintiffs argue that, in granting summary judgment, Judge Karas contradicted certain conclusions drawn by the Honorable Shira A. Scheindlin, District Judge, in denying defendants' motion to dismiss.[1]  Judge Scheindlin denied the motion to dismiss on the theoretical feasibility of the claim, as alleged in the pleadings.  The parties subsequently engaged in extensive discovery.  On summary judgment, the Court was presented with a fully developed factual record and resolved defendants' motion pursuant to a different — and less forgiving — legal standard.  Under these circumstances, the fact that Judge Karas reached a different conclusion from Judge Scheindlin is of no moment.  Accordingly, it cannot be said that there is "substantial doubt" that the district court's summary judgment order was correct.

F.    Materially Advance the Ultimate Termination of the Litigation

Because the Court has not identified a controlling question of law or identified a substantial ground for a difference of opinion, the Court need not consider whether an immediate appeal may materially advance the ultimate termination of the litigation.  Nevertheless, plaintiffs have failed to demonstrate that the immediate appeal of this action would result in the saving of judicial resources or otherwise "avoid protracted litigation."  *In re World Trade Ctr. Disaster Site Litig.*, 469 F. Supp. 2d at 144.  Indeed, it appears more likely that the granting of an immediate appeal will have the opposite effect, prolonging litigation that commenced in 2003.

---

[1]This action was reassigned from Judge Scheindlin to Judge Karas on September 8, 2004.

## CONCLUSION

In light of the federal policy against premature appellate review, the relevant statute, the case law, and plaintiffs' arguments, plaintiffs' motion for certification of an immediate appeal is DENIED.

SO ORDERED.

DATED:  May 28, 2008
        New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE